IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. CR-15-172-D |
| | ) | |
| PAUL E. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a *pro se* filing [Doc. No. 209] by Defendant Paul Thomas. The purpose of this filing is unclear. Defendant asks the Court to waive "or remove [his] 2 point gun enhancement" because he is participating "in the R-Dap Drug Program." Alternatively, he requests "a clarification letter stating why . . . [he] should get the time off" if he completes the program. Defendant expressly states he is not asking for a change in his sentence. Accordingly, the Court understands that Defendant does not intend his motion as one seeking relief from his sentence pursuant to 28 U.S.C. § 2255.

The RDAP, or Residential Drug Abuse Program, is an intensive substance abuse treatment program provided by the Bureau of Prisons for federal inmates. Defendant expresses concern that certain facts regarding his offense conduct – which were used to determine an advisory range of imprisonment under the Sentencing Guidelines – may affect his eligibility for a sentence reduction if he successfully completes the program. *See* 18 U.S.C. § 3621(e)(2)(B) (authorizing Bureau of Prisons to reduce a nonviolent offender's time in custody after successfully completing treatment); 28 C.F.R. § 550.55 (providing

conditions of eligibility and ineligibility). However, any sentence reduction is a matter within the discretion of the Bureau of Prisons. *See Lopez v. Davis*, 531 U.S. 230, 240-41 (2001); *Licon v. Ledezma*, 638 F.3d 1303, 1305 (10th Cir. 2011).

Further, if Defendant's motion could be construed as seeking to alter his sentence, the Court lacks jurisdiction to grant the relief sought. A district court has no inherent authority to modify a previously imposed sentence but may act "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *see United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). By statute, this Court may modify a term of imprisonment once imposed only in specified, limited circumstances not present here. *See Blackwell*, 81 F.3d at 947; 18 U.S.C. § 3582(c).[1]

IT IS THEREFORE ORDERED that Defendant's motion [Doc. No. 209] is DENIED.

IT IS SO ORDERED this 21st day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] In addition to jurisdictional limits, Defendant pleaded guilty pursuant to a plea agreement with the government in which he waived the right to appeal, collaterally challenge, or move to modify his sentence, except with respect to claims of ineffective assistance of counsel.