IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-15-172-D |
| | ) | (Case No. CIV-17-721-D) |
| PAUL E. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court is Defendant Paul Eugene Thomas's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 225]. The government has filed a response [Doc. No. 227], accompanied by the affidavit of Defendant's trial counsel, Jeffery W. Massey [Doc. No. 227-1]. Also, Defendant has made an additional submission [Doc. No. 228], which is liberally construed as a supplement to the Motion. For reasons that follow, the Court finds that no hearing is needed and the Motion should be denied.[1]

## **Factual and Procedural Background**

On August 18, 2015, a federal grand jury charged Defendant and three others with conspiracy to possess with intent to distribute, and to distribute, phencyclidine (PCP) in violation of 21 U.S.C. § 846. Defendant was also charged with one count of distributing PCP and another count of possessing with intent to distribute PCP, both in violation of 21

---

[1] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

U.S.C. § 841(a)(1). One co-defendant, Larenzo Gabourel, was charged with possessing a firearm in furtherance of the drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A). The statutory penalty for the conspiracy charged in the Indictment was a mandatory minimum prison sentence of 10 years and a maximum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Defendant was arrested in Los Angeles, California, in October 2015, and arraigned in this district on November 23, 2015.

An experienced criminal defense attorney, Mr. Massey, was appointed to represent Defendant at his arraignment. Negotiations between the parties subsequently resulted in a plea agreement, and Defendant pleaded guilty on January 8, 2016, to a reduced charge of conspiracy to possess with intent to distribute PCP. The statutory penalty for the conspiracy charged in the Superseding Information was a term of imprisonment of not less than five years and not more than 40 years. *See* 21 U.S.C. § 841(b)(1)(B). The plea agreement obligated the government to move to dismiss the Indictment at sentencing, and the government agreed Defendant should receive the maximum downward adjustment for acceptance of responsibility in computing an advisory guideline range of imprisonment under the Sentencing Guidelines. *See* Plea Agreement [Doc. No. 71], ¶ 7. Defendant waived his right to appeal or collaterally challenge his conviction and sentence except under limited circumstances, including a collateral challenge "with respect to claims of ineffective assistance of counsel." *See id*. ¶ 8(c).

Two co-defendants, Wesley Grant and Mr. Gabourel, proceeded to trial in January 2016, and Defendant testified on behalf of the government. A jury found Messrs. Grant

and Gabourel guilty of all offenses charged against them in the Indictment. On July 15, 2016, Mr. Grant was sentenced to life imprisonment, and on July 27, 2016, Mr. Gabourel received a 180-month prison sentence, which included a mandatory 60-month term for the firearm offense.[2]

Meanwhile, a presentence investigation report regarding Defendant was prepared and disclosed to counsel on May 3, 2016. After an opportunity for objections, changes were made, and Defendant's final presentence report was presented on May 26, 2017. It included the following findings for purposes of the Sentencing Guidelines: Defendant was accountable for 2.74 kilograms of PCP, resulting in a base offense level of 30 under § 2D1.1(c)(5); a two-level enhancement applied because a firearm was possessed during the drug conspiracy, *see id.* § 2D1.1(b)(1); a two-level enhancement applied for maintaining a premises for the purpose of storing and distributing PCP, *see id.* § 2D1.1(b)(12); and a three-level decrease applied for acceptance of responsibility, *see* § 3E1.1. The total offense level of 31 and a criminal history category of V yielded a guideline range of imprisonment of 168 to 210 months. Immediately before sentencing, the government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The motion was granted, and the Court sentenced Defendant on August 23, 2016, to a 36-month term of imprisonment. Defendant did not appeal, but filed the instant § 2255 Motion on July 6, 2017.

---

[2] These convictions and sentences were later affirmed on appeal. *See United States v. Gabourel*, 629 F. App'x 529 (10th Cir. 2017). The third codefendant, Alvin Norman, was not arrested until September 2016. He pleaded guilty to Count 2 of the Indictment in November 2016, and was later sentenced to a 78-month term of imprisonment.

3

**Defendant's Motion**

Defendant asserts a single claim for relief: "Counsel was ineffective for failing to object to the Court's imposition of a 2 point gun enhancement [under] 2D1.1(b)(1)." *See* Def.'s Mot. [Doc. No. 225] at 4. Defendant alleges that he asked after sentencing why Mr. Massey did not object to the enhancement and Mr. Massey said "he forgot to." *Id.* Defendant contends he did not know Mr. Gabourel possessed a firearm and the firearm enhancement should not apply under the circumstances of his offense. To support his claim, Defendant presents a letter that Mr. Massey wrote to the Bureau of Prisons in April 2017 to support Defendant's request to participate in the "RDAP program."[3] *See id.*, Attach. 1 at 3 (ECF numbering). Mr. Massey explains in the letter both why he did not "[f]or strategic reasons" file an objection to the presentence report and why Defendant should not be held accountable for Mr. Gabourel's possession of a firearm that was not disclosed to any of his codefendants. *See id.*[4] Mr. Massey further explains in the affidavit submitted with the government's response to the Motion, the numerous reasons why he strategically chose not to file any objections to the presentence report and chose not to object to the firearm enhancement at the sentencing hearing. *See* Massey Aff. [Doc. No. 227-1], ¶¶ 4-6.

---

[3] The RDAP, or Residential Drug Abuse Program, is an intensive substance abuse treatment program provided by the Bureau of Prisons for federal inmates.

[4] Defendant submits the letter a second time as an attachment to his supplemental filing [Doc. No. 228].

4

Defendant makes clear in his Motion, as in prior correspondence and court filings, that he is "not asking to be resentence[d]" but only wants the Court "to wave [sic] or remove [his] 2 point gun enhancement." *See* Def.'s Mot. [Doc. No. 225] at 12 & Attach. 1 [Doc. No. 225-1] at 1 (ECF numbering); *see also* Def.'s Suppl. [Doc. No. 228] at 1 (repeating request); 3/21/17 Order [Doc. No. 210] (denying *pro se* motion "to waive or 'remove [his] 2 point gun enhancement'"). Defendant explains that he is now enrolled in RDAP but the firearm enhancement will affect his eligibility for a sentence reduction if he successfully completes the program. *See* Def.'s Mot., Attach. 1 [Doc. No. 225] at 1; Def.'s Suppl. [Doc. No. 228] at 1; *see also* 18 U.S.C. § 3621(e)(2)(B) (authorizing Bureau of Prisons to reduce a nonviolent offender's time in custody after successfully completing treatment); 28 C.F.R. § 550.55 (providing conditions of eligibility and ineligibility).[5]

**Standard of Decision**

To establish ineffective assistance of counsel, Defendant must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). "An insufficient showing on either element is fatal to an ineffective-assistance claim, rendering consideration of the other element unnecessary." *Id.* In assessing the performance prong of an ineffective assistance claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*,

---

[5] Any sentence reduction, however, is a matter within the discretion of the Bureau of Prisons. *See Lopez v. Davis*, 531 U.S. 230, 240-41 (2001); *Licon v. Ledezma*, 638 F.3d 1303, 1305 (10th Cir. 2011).

466 U.S. 668, 689 (1984). To prove deficient performance, a defendant must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" (*id*. at 688), that is, it was "'completely unreasonable, not merely wrong.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010)). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**Discussion**

First, with regard to counsel's performance, the existing record refutes any claim that Mr. Massey simply forgot to challenge the 2-point firearm enhancement that was used to calculate Defendant's advisory guideline range of imprisonment. Mr. Massey had stated before Defendant's Motion was filed, and explains in considerable detail in response to the ineffective assistance claim, that he made a conscious decision not to object to the enhancement. Defendant does not claim that Mr. Massey failed to take into account any relevant fact or legal principle in reaching this decision. Therefore, because the decision was "an adequately informed strategic choice" and "was not so patently unreasonable that no competent attorney would have made it," it is "virtually unchallengeable." *See Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002) (internal quotation omitted).

Second, and fatal to his ineffective assistance claim, the Court finds no allegation that would satisfy Defendant's burden to show a reasonable probability that Mr. Massey's

6

alleged error affected the outcome of Defendant's sentencing proceeding. Defendant's complaint that the enhancement increased his advisory guideline range has no bearing on the sentence actually imposed. The government filed a motion for downward departure from the advisory guideline range (and the mandatory minimum sentence) due to Defendant's substantial assistance to the prosecution, and the Court departed far below the guideline range. Any collateral effect of Mr. Massey's decision on the Bureau of Prisons' administration of Defendant's sentence is unrelated to the outcome of the sentencing proceeding. The Court finds that Defendant has not alleged any cognizable prejudice and, therefore, that he cannot prevail on his ineffective assistance claim.

**Conclusion**

For these reasons, Defendant is not entitled to relief based on a claim of ineffective assistance of counsel regarding the two-point weapon enhancement of the Sentencing Guidelines under the circumstances of his case.

IT IS THEREFORE ORDERED that Defendant Paul Thomas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 150] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 23rd day of October, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE